ADRIAN T. KINSELLA
United States Attorney
ADRIAN T. KINSELLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARCUS LAWRENCE WEBER,<br><br>Defendant. | CASE NO. 2:22-CR-00069-JAM<br><br>GOVERNMENT'S FORMAL OBJECTION TO THE PSR AND MOTION FOR UPWARD DEPARTURE; EXHIBITS<br><br>DATE: August 30, 2022<br>TIME: 9:30 a.m.<br>COURT: Hon. John A. Mendez |

### I.   INTRODUCTION

The government objects to the criminal history category in the Final PSR (ECF No. 20), and moves for an upward departure on the basis that a criminal history category of IV "substantially under-represents he seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(a)(1).  The government requests that the Court increase the defendant's criminal history category from to VI based on the facts that: 1) Weber committed the instant offense while he was on the run from four pending state prosecutions (all of which involve firearms), 2) Weber was not held accountable for his possession of five firearms in July 2020 (prior similar adult conduct not resulting in a conviction), and 3) Weber was not held accountable for his possession of a firearm during the incident leading to his June 2021 conviction for possession of methamphetamine with intent to sale, in violation of HS 11378 (prior similar adult conduct not resulting in a conviction).  With the corrected criminal history category of VI, the defendant's guideline range would be 77-96

months.[1]

## II.    ARGUMENT

On March 16, 2022, Sacramento Police officers tracked down the defendant, who was then the subject of four separate felony warrants. PSR ¶ 8. When they attempted to perform a traffic stop on Weber, he led them on a car chase through a populated apartment complex. PSR ¶ 10. Weber eventually stopped his car and began running on foot. *Id*. He was wearing a black ski mask and running with a loaded firearm in his hand. PSR ¶ 11. Weber dropped the firearm, picked it back up, and kept running. He eventually dropped the firearm again, laid down in a dry creek bed, and was arrested. PSR ¶ 12. On April 19, 2022, Weber pleaded guilty to being a felon in possession of a firearm. ECF No. 15. He is set to be sentenced on August 30, 2022.

As noted above, Weber committed the instant offense after failing to appear for four separate pending state cases, all of which involved firearms. PSR ¶¶ 8, 45-47.[2] Additionally, Weber was arrested by Vacaville Police Department officers on July 3, 2020 for possessing five firearms as a felon. PSR ¶ 44. Because the State dismissed this case after Weber prevailed on a motion to suppress, he was never held accountable for possessing those dangerous firearms. Finally, when Weber committed the instant offense, he was on probation for a June 17, 2021 a felony conviction that involved the discharge of a firearm and the possession of methamphetamine for sale. PSR ¶ 36. While this incident resulted in a drug trafficking conviction, officers were never able to locate the firearm, and thus Weber was never held accountable for his possession of it. *Id*.

| Date | Offense summary | Outcome | PSR ¶ | Exh. | Basis |
|---|---|---|---|---|---|
| 7/2/2020 | Possession of a machine gun, an AR pistol, and three Glock Switches | Dismissal (suppression of car stop) | 44 | 1 | § 4A1.3(a)(2)(E) |
| 1/12/2021 | Negligent discharge of a firearm through his apartment wall, possession of methamphetamine for sale | Conviction for drug charge only (HS 11378) | 36 | 2 | § 4A1.3(a)(2)(E) |
| 7/2/2021 | Pistol whipping and assault of | Pending | 45 | 3 | § 4A1.3(a)(2)(D) |

---

[1] The government will make an alternative Section 3553(a) argument for an upward variance in its sentencing memorandum, to be filed by August 23, 2022.

[2] PSR ¶¶ 45-47 discuss the three pending cases in Sacramento and Fresno County. The fourth case is a pending probation case related to Weber's two separate July 2021 offenses.

FORMAL OBJECTION AND MOTION FOR UPWARD DEPARTURE

2

| | | | | | |
|---|---|---|---|---|---|
| | pregnant victim | (defendant failed to appear) | | | |
| 7/7/2021 | Possession of a firearm | Pending (defendant failed to appear) | 46 | 4 | § 4A1.3(a)(2)(D) |
| 7/8/2021 | Probation revocation petition related to the 7/2/2021 and 7/8/2021 new law offenses | Pending (defendant failed to appear) | 45, 46 | 4 | § 4A1.3(a)(2)(E) |
| 12/5/2021 | Defendant threatened to kill victim with firearm | Pending (defendant failed to appear) | 47 | 5 | § 4A1.3(a)(2)(E) |

U.S.S.G. § 4A1.3(a)(1) allows for an upward departure "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." Subsections (D) and (E) allow the Court to consider "[w]hether the defendant was pending trial or sentencing on another charge at the time of the instant offense" and "[p]rior similar adult criminal conduct not resulting in a criminal conviction."

The defendant's criminal history falls squarely within U.S.S.G. § 4A1.3(a)(1). His prior uncounted criminal history is both similar to the current criminal conduct (his possession of a firearm) and serious, warranting an upward departure. He should not be allowed to benefit from the fact that his own decision to flee his four pending state cases prevented their resolution. Nor should the Court disregard the reliable evidence he possessed dangerous firearms on July 2, 2020 and also on July 7, 2021. From July 2020 to March 2022, the defendant committed six separate serious offenses involving firearms.

The defendant has not spent more than a few months as an adult living a law-abiding life. His criminal history is replete with violence and illegal possession of dangerous firearms. To ignore these incidents would both substantially under-represent the seriousness of his criminal history and the likelihood that he will commit other crimes. U.S.S.G. § 4A1.3(a)(1).

//

//

### III.   CONCLUSION

For these reasons, the government objects to paragraph 40, objects to the criminal history category of IV, and moves this court to for a two-level upward departure to a criminal history category VI.

Dated:  August 16, 2022

PHILLIP A. TALBERT
United States Attorney

By:  /s/ ADRIAN T. KINSELLA
ADRIAN T. KINSELLA
Assistant United States Attorney