1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,          No. 2:22-cr-00069-JAM

12              Plaintiff,

13         v.                            **ORDER GRANTING MOTION TO REDUCE
                                         SENTENCE**
14    MARCUS LAWRENCE WEBER,

15              Defendant.

16

17        Defendant Marcus Lawrence Weber moves this Court pursuant to

18   18 U.S.C. § 3582(c)(2) to reduce his sentence from 71 to 57

19   months based on a retroactive application of Amendment 821 to the

20   United States Sentencing Guidelines which eliminates status

21   points for persons like Defendant with 6 or less criminal history

22   points.  Having considered the Parties' briefings, the Court

23   grants Defendant's requested sentence reduction.

24        I.    **FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND**

25        On March 16, 2022, Defendant was arrested by Sacramento

26   Police Department officers on outstanding felony warrants

27   following a police chase.  Compl. ¶¶ 7-9, ECF No. 1.  Defendant,

28   a felon, was armed with a loaded firearm at the time of his

arrest.  Id. ¶ 8.  Defendant was subsequently indicted on one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) on April 7, 2022, and pled guilty on April 19, 2022.  ECF Nos. 8, 15.

At sentencing, the applicable guidelines range was 57 to 71 months based on Defendant's total offense level of 21 and criminal history category of IV.  Mot. at 2-3, ECF No. 48.  The Government argued vigorously that the Court should impose a 120-month term of imprisonment, the then statutory maximum for the offense, because Defendant's conduct underlying his pending state felony charges as well as his criminal history necessitated a lengthy sentence to reflect the seriousness of the offense and to provide adequate deterrence.  Government's Sentencing Mem. at 1-2, ECF No. 31.  However, the Court declined to adopt the Government's requested sentence.  While the Court found that it could consider Defendant's conduct underlying the pending state felony charges in assessing the 18 U.S.C. § 3553(a) sentencing factors, the Court also reasoned that increasing Defendant's sentence based on "charges or arrests, as opposed to actual convictions" risked venturing down "a slippery . . . and dangerous slope" unsupported by caselaw.  Hr'g Tr. at 3:14-4:18, ECF No. 39.  Given that there was no "legal basis for an upward departure," the Court refused to "consider a ten-year sentence because . . . that's just grounds for getting reversed immediately given that those cases, the state court cases, just haven't played out yet."  Id. at 5:5-5:9.

The Court ultimately concluded, however, that a 71-month sentence, at the high end of the guidelines range, was

appropriate in order "to protect the public from further crimes of the defendant, to promote respect for the law, [for] which [defendant] obviously ha[d] little or no respect at th[at] point, and to reflect the seriousness of the offenses . . . ." Id. at 15:17-15:21. The Court noted that, while a sentence within the guidelines was appropriate, Defendant was "fortunate" to receive a sentence within that range as his conduct clearly "support[ed] a high-end sentence" given his lengthy criminal history. Id. at 14:6-15:5, 15:22-15:25. The Court urged Defendant to use his time in prison wisely, to undergo counseling, to further his education, and to work on becoming a better person, warning Defendant that if he did not, "you're going to spend the rest of your life in prison." Id. at 15:6-15:16.

On December 23, 2024, Defendant filed a pro se motion seeking a sentence reduction and requesting the assistance of counsel. ECF No. 42. The Court referred the matter to the Federal Public Defender. ECF No. 43. Defendant filed the currently pending Motion to Reduce Sentence (ECF No. 48) with the assistance of counsel on February 18, 2025. The Government filed an Opposition (ECF No. 50) on March 20, 2025, and Defendant filed a timely Reply (ECF No. 65) on September 29, 2025.

## II.  LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" United States v. Aruda, 993 F.3d 797, 799 (9th Cir. 2021) (quoting Dillon v. United States, 560 U.S. 817, 819 (2010)); see also 18 U.S.C. § 3582(c). "But this general rule is subject to several exceptions . . . ." United States v. Keller, 2 F.4th 1278, 1281 (9th Cir. 2021). One

such exception is found in 18 U.S.C. § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

District courts engage in a "two-step inquiry" to determine whether a sentence reduction is appropriate under section 3582(c)(2). United States v. Brito, 868 F.3d 875, 879-880 (9th Cir. 2017). First, the court must determine whether the defendant is eligible for a sentence reduction under the Sentencing Commission's policy statement in U.S.S.G. § 1B1.10, which requires the court to decide whether the amended guidelines range would have been applicable to the defendant if the relevant amendment had been in effect at the time the defendant was sentenced. Id. at 880. Second, the court must consider the applicable 18 U.S.C. § 3553(a) factors and determine whether, in its discretion, the authorized reduction is warranted in whole or in part under the circumstances of the case. Id. The Ninth Circuit has "called these steps the 'eligibility prong' and the 'discretionary prong.'" Id. (quoting United States v. Dunn, 728 F.3d 1151, 1157 (9th Cir. 2013)).

### III. OPINION

Defendant has moved to reduce his sentence based on a retroactive application of Amendment 821 to the Sentencing Guidelines, which became effective in November 2023 and

eliminated status points for persons like Defendant with 6 or less criminal history points.  Mot. at 6.  Defendant's revised guidelines range is 46 to 57 months.  Id.  Defendant requests that the Court reduce his sentence from 71 months to 57 months, the high end of this amended guidelines range.  Id. at 7.

The Parties do not dispute Defendant's eligibility for a sentence reduction.  See Opp'n at 1, ECF No. 50.  Rather, they dispute whether the Court should exercise its discretion to grant the requested reduction.  Therefore, the Court's analysis addresses the discretionary prong only.

The commentary to the Sentencing Guidelines instructs this Court to consider three factors in exercising discretion to reduce a sentence: (1) the goals of sentencing as embodied in 18 U.S.C. § 3553(a), (2) public safety, and (3) post-sentencing conduct.  Mot. at 2 (citing U.S.S.G. § 1B1.10 cmt. n.1(B)(i)-(iii)).  Defendant argues that these factors all mitigate in favor of a sentence reduction to 57 months because (1) status points produce overly long sentences and do not predict recidivism; (2) relevant data indicates sentence reductions do not implicate public safety concerns; and (3) the section 3553(a) factors support a reduction.  Id. at 7-12.  As to the section 3553(a) factors, Defendant argues that a "modest" sentence reduction to 57 months, the high end of the amended guidelines range, meets the goals of sentencing because, among other things, Defendant has used his time in prison productively and positively by enrolling in college and maintaining a 3.0 grade point average.  Id. at 9-10.  Defendant also argues he has maintained steady work as an orderly and has developed carpentry skills he

plans to use to secure employment in a construction or lumber company upon release. Id. Finally, Defendant notes that he has "a strong support system of family and friends," many of whom provided letters attesting to Defendant's maturation and growth, particularly as a father, since his incarceration. Id. at 10–12. Thus, Defendant argues that he has "followed the advice the Court imparted at sentencing" by "stay[ing] on the straight and narrow" apart from one write-up in prison for smoking, and "dedicat[ing] himself to furthering his education and developing his marketable skills so he can provide for and raise his children." Id. at 12.

In opposition, the Government argues the section 3553(a) factors do not support a sentence reduction here. Opp'n at 10–14. First, the Government argues that the nature and circumstances of Defendant's offense weigh against a sentence reduction, as Defendant, a three-time felon, illegally possessed and carried a loaded firearm while evading police who were pursuing him for failing to appear in four pending criminal matters. Id. at 10. Further, the Government argues that Defendant's history and characteristics weigh against a sentence reduction because "[e]ven while on probation for a felony drug conviction, Defendant continued committing new criminal offenses, including the offense underlying this conviction" and "in the months preceding this offense, he used a firearm on at least two separate occasions to threaten two separate women, Victim 1 and Victim 2, one of whom Defendant assaulted and injured." Id. at 11. The Government also argues that "[e]ven after the instant conviction and the representations Defendant made to this Court at sentencing about reversing course, Defendant continued down

the wrong path by using intoxicants less than six months after he arrived at a [Bureau of Prisons] facility." Id. Finally, the Government argues that Defendant's proffered letters of support should be weighed with "extreme caution" against his record, which shows "Defendant use[d] physical violence and guns to threaten his romantic partners and sell[] methamphetamine to the community." Id. at 12. In short, given the seriousness of Defendant's instant offense and other conduct, the Government argues Defendant's original 71-month sentence is "necessary to provide just punishment, afford adequate deterrence, promote respect for the law, and protect the public from further crimes of the defendant." Id. at 13.

The Court finds that a sentence reduction is warranted here. The Parties do not dispute that Defendant is eligible for the requested reduction. Despite this, the Government argues that the reduction should be denied largely based on Defendant's pre-offense conduct. However, these arguments were already raised by the Government at sentencing when the Government argued that the Court should depart from the applicable guidelines range and impose a 120-month sentence. See generally Government's Sentencing Mem. at 12–14. While the Court declined to adopt such a steep departure, the Court also clearly accounted for the seriousness of Defendant's conduct and lengthy criminal history in imposing a sentence at the high end of the guidelines range. Hr'g Tr. at 14:1–15:25. The Government's attempts to relitigate Defendant's pre-offense conduct to, in effect, argue for an above-guidelines-range sentence once again are unpersuasive. Defendant has, by all accounts, taken this Court's prior

1  admonitions seriously and engaged in significant rehabilitative

2  efforts while incarcerated.  Defendant has undergone counseling,

3  maintained work as an orderly, taken numerous college classes,

4  and sustained only a sole disciplinary infraction during his time

5  in prison.  Reply at 2–4, ECF No. 65.  Given these

6  considerations, the Court finds that a 57-month sentence is

7  sufficient but not greater than necessary to satisfy the

8  sentencing goals set forth in section 3553(a).

9                          **IV.  ORDER**

10      For the reasons set forth above, Defendant's Motion to

11  Reduce Sentence (ECF Nos. 42, 48) is GRANTED.  The Court hereby

12  reduces Defendant's term of imprisonment imposed in this case

13  from 71 to 57 months with all the other terms and conditions

14  originally imposed to remain in effect.  An amended judgment will

15  be issued.

16      IT IS SO ORDERED.

17  Dated: October 20, 2025

18

19                          JOHN A. MENDEZ,
                            SENIOR UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28